UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | **March 28, 2011** | Docket #: | |
| Debtor: | **David R. Horton** | Co-Debtor: | **Lynn M. Horton** |
| SS#: | **xxx-xx-1769** | SS#: | **xxx-xx-0726** |
| Address: | **60 South Main Street**<br>**Templeton, MA 01468** | Address: | **60 South Main Street**<br>**Templeton, MA 01468** |

| | |
|---|---|
| Debtor's Counsel: | **Paul A. LaRoche 560487** |
| Address: | **P.O. Box 504**<br>**338 Elm Street**<br>**Gardner, MA 01440** |
| Telephone #: | **978-632-1633** |
| Facsimile #: | **978-630-3444** |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY (30) DAYS AFTER THE FIRST DATE SET FOR THE SECTION 341 MEETING, OR (ii) THIRTY (30) DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# OFFICIAL FORM 3
# PRE-CONFIRMATION CHAPTER 13 PLAN

## CHAPTER 13 PLAN

Docket No.: _____

DEBTORS:  (H)  **David R. Horton**                    SS#  **xxx-xx-1769**

(W)  **Lynn M. Horton**                    SS#  **xxx-xx-0726**

I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **263.00** for the term of:

☒ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

_____

☐ ____ Months.  The Debtor states as reasons therefore:

_____

II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Chase Home Finance** | **Pre-petition arrears** | $ **5,200.00** |

Total of secured claims to be paid through the Plan  $  **5,200.00**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Chase Home Finance** | **First Mortgage** |
| **Toyota Motor Credit Corporation** | **Auto Loan** |
| **Toyota Motor Credit Corporation** | **Auto Loan** |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **Wachovia Mortgage Company and/or Wells Fargo Bank, N.A. and any/all successors and assigns** | **The Second Mortgage held by Wachovia Mortgage Company and/or Wells Fargo Bank, N.A. and any/all successors and assigns, which is serviced by Wells Fargo Bank, NA is wholly unsecured by the Debtors' principal residence. The Debtors have listed the second mortgage as an unsecured claim to be paid a percentage over the course of their Chapter 13 Plan. Upon the Debtors Bankruptcy Discharge in the Chapter 13 the mortgage will be deemed discharged. Upon the Debtors Chapter 13 Discharge, Wachovia Mortgage Company and/or Wells Fargo Bank, NA and any/all successors and assigns will discharge the second mortgage from the Worcester Registry of Deeds, Book 41766 Page63.**<br><br>**The Third Mortgage held by Wachovia Mortgage Company and/or Wells Fargo Bank, N.A. and any/all successors and assigns, which is serviced by Wells Fargo Bank, NA is wholly unsecured by the Debtors' principal residence. The Debtors have listed the second mortgage as an unsecured claim to be paid a percentage over the course of their Chapter 13 Plan. Upon the Debtors Bankruptcy Discharge in the Chapter 13 the mortgage will be deemed discharged. Upon the Debtors Chapter 13 Discharge, Wachovia Mortgage Company and/or Wells Fargo Bank, NA and any/all successors and assigns will discharge the second mortgage from the Worcester Registry of Deeds, Book 41766, Page 70.** | **To be paid as an unsecured creditor in the plan** |

D. Leases:

  i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-** ; or

  ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-** .

  iii. The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Priority Claims to Be Paid Through the Plan  $ **0.00**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):   $ **1,559.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **1.8** % of their claims.

A. General unsecured claims:   $ **49,696.23**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **HSBC Bank Nevada NA** | **Judgment Lien to be avoided 11 USC 522** | $ **3,202.45** |
| **Wells Fargo Home Mortgage Correspondence** | **Second Mortgage** | $ **31,191.18** |
| **Wells Fargo Home Mortgage Correspondence** | **Third mortgage** | $ **9,531.86** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Unsecured Claims (A + B + C):   $ **93,621.72**

D. Multiply total by percentage: $  **1,762.20**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | | $ |

Total amount of separately classified claims payable at ____%    $                **0.00**

VI. OTHER PROVISIONS

    A. Liquidation of assets to be used to fund plan:

    B. Miscellaneous provisions:
        **Special Intentions:**

**The Second Mortgage held by Wachovia Mortgage Company and/or Wells Fargo Bank, N.A. and any/all successors and assigns, which is serviced by Wells Fargo Bank, NA is wholly unsecured by the Debtors' principal residence. The Debtors have listed the second mortgage as an unsecured claim to be paid a percentage over the course of their Chapter 13 Plan. Upon the Debtors Bankruptcy Discharge in the Chapter 13 the mortgage will be deemed discharged. Upon the Debtors Chapter 13 Discharge, Wachovia Mortgage Company and/or Wells Fargo Bank, NA and any/all successors and assigns will discharge the second mortgage from the Worcester Registry of Deeds, Book 41766 Page63.**

**The Third Mortgage held by Wachovia Mortgage Company and/or Wells Fargo Bank, N.A. and any/all successors and assigns, which is serviced by Wells Fargo Bank, NA is wholly unsecured by the Debtors' principal residence. The Debtors have listed the second mortgage as an unsecured claim to be paid a percentage over the course of their Chapter 13 Plan. Upon the Debtors Bankruptcy Discharge in the Chapter 13 the mortgage will be deemed discharged. Upon the Debtors Chapter 13 Discharge, Wachovia Mortgage Company and/or Wells Fargo Bank, NA and any/all successors and assigns will discharge the second mortgage from the Worcester Registry of Deeds, Book 41766, Page 70.**

**Cliff's at Peace Canyon: Debtors are surrendering the Property, namely the Time Share at The Cliffs at Peace Canyon, Las Vegas, NV to Creditor in full satisfaction of the claim. The Foreclosing entity will pay all pre and post petition maintenance fees, dues, and assessments.**

**Funancing/GEMB: Debtor is surrendering the Property, namely the 2001 Honda F41 Recreational Vehicle to Creditor in full satisfaction of the claim.**

**Santander Consumer USA: Debtor is surrendering the Property, namely the 2005 Ford F150 Truck supercab to Creditor in full satisfaction of the claim. The Debtor is surrendering her interest in the car to the co-debtor.**
**Post-confirmation surrender, repossession or foreclosure is cause for 11 USC 502(j) reconsideration of a claim's secured status: Deficiency will be an unsecured claim, or no claim if a 910 day vehicle**

**This is a "pot plan", in which the total of all payments in respect to unsecured creditors is a constant amount. The Trustee shall distribute this amount rateably amongst holders of allowed unsecured claims. The percentage dividend stated in this plan is an estimate based on claims currently known to the Debtor(s) and does not govern the amount of payments to general unsecured creditors. General**

**unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan, depending on the total of allowed claims filed.**

**Post-confirmation surrender, repossession or foreclosure is cause for 11 USC 502(j) reconsideration of a claim's secured status: Deficiency will be an unsecured claim, or no claim if a 910 day vehicle**

VII.  CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---:|
| a) | Secured claims  (Section II-A&D Total): | $ 5,200.00 |
| b) | Priority claims  (Section III-A&B Total): | $ 0.00 |
| c) | Administrative claims  (Section IV-A&B Total): | $ 1,559.00 |
| d) | Regular unsecured claims  (Section V-D Total): | $ 1,762.20 |
| e) | Separately classified unsecured claims: | $ 0.00 |
| f) | Total of a + b + c + d + e above: | =$ 8,521.20 |
| g) | Divide (f) by .90 for total including Trustee's fee: | |
| | Cost of Plan= | $ 9,468.00 |
| | (This represents the total amount to be paid into the chapter 13 plan) | |
| h. | Divide (g), Cost of Plan, by Term of plan, | 36 months |
| i. | Round up to nearest dollar for Monthly Plan Payment: | $ 263.00 |

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.
Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII.  LIQUIDATION ANALYSIS

A.  Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---:|---:|
| **Single family home**<br>**Debtors' primary residence**<br>**60 South Main Street**<br>**Templeton, MA 01468** | $ 180,000.00 | $ 235,865.80 |
| **Time Share, Unit 0106, Use Period No. 49**<br>**at The Villages, Phase 7,**<br>**Flint, Smith County, Texas**<br>**Debtors are Surrendering** | $ 500.00 | $ 3,844.15 |
| **Time Share, Unit 291, Period No. 25**<br>**at Oak N' Spruce Resort, Lee, Mass.** | $ 500.00 | $ 0.00 |
| **Time Share at The Cliffs at**<br>**Peace Canyon, Las Vegas, NV** | $ 500.00 | $ 0.00 |

| | |
|---|---:|
| Total Net Equity for Real Property: | $ 1,000.00 |
| Less Exemptions (Schedule C): | $ 1,000.00 |
| Available Chapter 7: | $ 0.00 |

B.  Automobile (Describe year, make and model):

| | | | | | |
|---|---|---|---|---|---|
| **2005 Toyota Matrix** **85,000 miles** | Value $ | **6,225.00** Lien $ | **12,042.44** | Exemption $ | **0.00** |
| **2008 Toyota Corolla** **62,000 miles** | Value $ | **8,300.00** Lien $ | **12,913.61** | Exemption $ | **0.00** |
| **2007 Kawasaki Ninja** | Value $ | **2,880.00** Lien $ | **0.00** | Exemption $ | **2,880.00** |
| **2006 Honda Shadow** | Value $ | **2,767.00** Lien $ | **0.00** | Exemption $ | **2,767.00** |
| **2001 Honda F41** | Value $ | **1,220.00** Lien $ | **5,406.29** | Exemption $ | **0.00** |
| **2005 Ford F150 Truck supercab** | Value $ | **8,000.00** Lien $ | **15,544.69** | Exemption $ | **0.00** |

Total Net Equity: $ **5,647.00**
Less Total Exemptions (Schedule C): $ **5,647.00**
Available Chapter 7: $ **0.00**

C.  All other Assets (All remaining items on Schedule B):  (Itemize as necessary)

**Cash on hand**
**Checking account #: xxxx-xxx1102**
**TD Bank**
**Checking account #: xxxxxxx3600**
**Sovereign Bank/Santander**
**Savings account #: xxxxxxxxxx6977**
**Household goods and furnishings**
**Clothing and accessories**
**Misc. jewelry including engagement ring**
**and wedding bands**
**Debtor/Husband's term life insurance policy**
**through Valley Forge Life Insurance Company**
**No cash surrender value**
**Debtor/Wife's term life insurance policy**
**through Valley Forge Life Insurance Company**
**No cash surrender value**
**401 K Retirement Plan for Debtor/Husband**
**w/former employer through Prudential**
**(not part of the bankruptcy estate,**
**listed for informational purposes only)**
**Debtor/Wife's Retirement plan**
**through employer**
**(not part of the bankruptcy estate,**
**listed for informational purposes only)**
**Anticipated 2010 income tax refund**
**4 Cats**
**U.S. Savings Bonds**
**Face value: $2,000**
**(joint w/son)**

Total Net Value: $ **73,894.79**
Less Total Exemptions (Schedule C): $ **73,894.79**
Available Chapter 7: $ **0.00**

D.  Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:   $           **0.00**

E.  Additional Comments regarding Liquidation Analysis:

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

| | |
|---|---|
| **/s/ Paul A. LaRoche** | **March 26, 2011** |
| **Paul A. LaRoche 560487** | Date |
| Debtor's Attorney | |

Attorney's Address: **P.O. Box 504**
**338 Elm Street**
**Gardner, MA 01440**

Tel. #: **978-632-1633 Fax:978-630-3444**

Email Address: **larochelaw@aol.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

Date **March 26, 2011**         Signature  **/s/ David R. Horton**
                                            **David R. Horton**
                                            Debtor

Date **March 26, 2011**         Signature  **/s/ Lynn M. Horton**
                                            **Lynn M. Horton**
                                            Joint Debtor